O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS LE'BARRON GRAY, | ) | CASE NO. CV 10-09190 CBM (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER TO SHOW CAUSE RE TIMELINESS |
| T.K. GONZALEZ, Warden, | ) | |
| Respondent. | ) | |

      The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

      In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (June 14, 2010).

The current petition bears a signature date of October 24, 2010. From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) On June 30, 2006, a Los Angeles County Superior Court jury convicted Petitioner of first degree burglary. He received a lengthy prison sentence. *See* Pet. ¶¶ 1-2; *see generally People v. Gray*, 158 Cal.App.4th 635, 69 Cal.Rptr.2d 876 (Cal. Ct. App. Dist. 2 2007).

(b) Petitioner appealed. The California Court of Appeal issued a partially published opinion affirming the conviction on December 31, 2007. *Id.* The California Supreme Court denied further direct review on April 9, 2008. *See* Pet. ¶ 4(c), (d).

(c) Petitioner had 90 days thereafter to seek *certiorari* in the United States Supreme Court. *See* SUP. CT. R. 13.1. He apparently did not do so, for no Curtis Gray appears on that court's searchable electronic docket. His conviction therefore became final after July 9, 2008. His AEDPA one-year limitations period began to run.

(d) Over a year passed. On July 15, 2009 – several days *after* the AEDPA period appears to have expired – Petitioner commenced a habeas action in this Court. Because he admitted that not all of his claims had been exhausted in the California Supreme Court, this Court dismissed the petition without prejudice on December 14, 2009. *See* docket in *Gray v. Gonzalez*, No. CV 09-05104 CBM (RZ).

(e) On February 16, 2010, Petitioner commenced a series of state habeas petitions, first in the trial court, then the California Court of Appeal and the California Supreme Court, all without success. The latter court denied his final petition on September 29, 2010.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. It became stale after mid-July of 2009, one year after his conviction became final. Petitioner's filing of his prior, unexhausted federal-court habeas action, shortly after that deadline expired, was too late, but even if it were not too late, it would not have tolled the statute. *Duncan v. Walker,* 533 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001). Nor did Petitioner's commencement of state habeas proceedings thereafter, in 2010, rejuvenate his stale claims. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling.

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: December 13, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

-3-